**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0006149
28-FEB-2014
09:40 AM**

NO. CAAP-13-0006149


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


KAWIKA FRANCO, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE
FOR THE ESTATE OF TIARE FRANCO; PEACHES KONG AND APPLES
ELABAN, AS NEXT FRIENDS OF LOVELY FRANCO (MINOR); TAUA
GLEASON, AS NEXT FRIEND OF KOLOMANA KONG KANIAUPIO
GLEASON AND KAULANA KONG KANIAUPIO GLEASON (MINORS);
AND CHERYL RUSSELL, AS NEXT FRIEND OF JEANNE RUSSELL
(MINOR), Plaintiffs-Appellees, v. JOSIAH OKUDARA,
Defendant/Cross-Claim Defendant/Appellant, SABIO
REINHARDT, Defendant/Cross-Claim Plaintiff/Appellee,
JOHN DOES 2-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-
10; AND DOE GOVERNMENTAL ENTITES 1-10, Defendants-
Appellees


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0458(1))


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over the appeal that Defendant/Cross-Claim
Defendant/Appellant Josiah Okudara (Appellant Okudara) has
asserted from the Honorable Rhonda I.L. Loo's January 2, 2014
order denying Appellant Okudara's motion for partial summary
judgment (the January 2, 2014 interlocutory order), because the
circuit court has not yet reduced any dispositive rulings to a
separate judgment, as Hawaii Revised Statutes (HRS) 641-1(a)
(1993 & Supp. 2013) requires for an appeal from a civil circuit

court case under Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008).

Although exceptions to the finality requirement exist under the doctrine in <u>Forgay v. Conrad</u>, 47 U.S. 201 (1848) (the <u>Forgay</u> doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2013), the January 2, 2014 interlocutory order does not satisfy the requirements for appealability under the <u>Forgay</u> doctrine, the collateral order doctrine, and HRS § 641-1(b). <u>See</u> <u>Ciesla v. Reddish</u>, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the <u>Forgay</u> doctrine); <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

Absent an appealable final judgment that adjudicates all of the parties' claims, Appellant Okudara's appeal is premature, and we lack appellate jurisdiction. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0006149 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai‘i, February 28, 2014.

Presiding Judge

Associate Judge

Associate Judge